UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-mj-2844-GOODMAN

UNITED STATES OF AMERICA

v.

RAMSES LLUFRIO,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO EXPUNGE**

This Cause is before the Undersigned on Defendant Ramses Llufrio's ("Llufrio") Motion to Expunge his criminal arrest record. [ECF No. 11]. As outlined below, however, the Undersigned, a United States Magistrate Judge, lacks jurisdiction to provide the requested relief. Accordingly, the Undersigned **DENIES** the motion.

**I.    BACKGROUND**

On June 6, 2013, Llufrio was arrested and charged with possessing a gold bar valued at $1,000 or more which had been stolen in interstate commerce. [ECF No. 1]. He then had his initial appearance before the Undersigned. [ECF No. 3]. On June 20, 2013, the Government exercised its prosecutorial discretion and dismissed Llufrio's case. [ECF No. 7]. The case was dismissed before it was assigned to a United States District Court Judge.

Approximately one month later, Llufrio filed the instant motion to expunge his criminal arrest record. [ECF No. 11]. The Government does not oppose the motion.

The issues before the Undersigned are: (1) whether the Undersigned Magistrate Judge has jurisdiction to expunge Llufrio's arrest record; and (2) if jurisdiction exists, whether expungement is proper. As explained below, the Undersigned need not analyze the second issue because I conclude that I lack jurisdiction to adjudicate the merits of Llufrio's motion and therefore **DENY** the motion.

## II.   LEGAL STANDARD

The authority of United States Magistrate Judges is governed by 28 U.S.C. § 636 and 18 U.S.C § 3401. Both statutes afford magistrate judges with the jurisdiction to conduct trials and enter sentences for *misdemeanor* federal offenses with the consent of the parties. 28 U.S.C. § 636(a); 18 U.S.C. § 3401(b). Neither statute addresses the issue of whether magistrate judges can expunge criminal records, a remedy that has been considered ancillary to the underlying criminal action. *See United States v. Johnson*, 714 F. Supp. 522 (S.D. Fla. 1989); *United States v. Vasquez,* 74 F. Supp. 2d 964 (S.D. Cal. 1999); *see also United States v. Sumner*, 226 F.3d 1005 (9th Cir. 2000); *United States v. Schnitzer*, 567 F.2d 536 (2d Cir. 1977).

Some courts have determined that magistrate judges do have ancillary jurisdiction to expunge criminal records. *See Vasquez,* 74 F. Supp. 2d 964; *United States v. Meyer,* 439 F.3d 855 (8th Cir. 2006); *United States v. Steelwright,* 179 F. Supp. 2d 567 (D. Md. 2002). However, there is one caveat: jurisdiction *only* exists if the parties consented to the magistrate judge to conduct the trial and sentencing. *Id*. The reason for the

2

limitation is that "a court sitting in criminal prosecution has ancillary jurisdiction to issue protective orders regarding dissemination of arrest records." *Schnitzer*, 567 F.2d at 538.

On the other hand, two courts in this district have determined that magistrate judges do **not** have jurisdiction to expunge criminal records. *United States v. Lopez*, 704 F. Supp. 1055 (S.D. Fla. 1988); *United States v. Wood*, No. 88-4121-M-Hurley, 1995 WL 113352, at *1 (S.D. Fla. Jan. 20, 1995). However, in those cases the magistrate judges did not have consent to preside over the case. Thus, they were not "sitting in criminal prosecution" and could not claim ancillary jurisdiction. Additionally, those cases were dismissed before being assigned to a district court judge.

These cases can be harmonized even though they reach different results. If a magistrate judge has obtained oral and written consent from the parties to preside over the criminal prosecution of a misdemeanor (as required by 28 U.S.C. § 636(a) and 18 U.S.C. § 3401(b)), then the magistrate judge has ancillary jurisdiction to expunge the criminal record. But, if the magistrate judge did not, or cannot, obtain the parties' consent to be the presiding judge, or if the case was dismissed before it was assigned to a district court judge, then the magistrate judge does *not* have jurisdiction to expunge the criminal record. *See Steelwright*, 179 F. Supp. 2d 567 (harmonizing the apparent inconsistencies in the same manner).

Magistrate judges may not preside over felony criminal trials, although they can preside over criminal misdemeanors -- but only with the parties' consent. 28 U.S.C. § 636(a); 18 U.S.C. § 3401(b). Thus, a magistrate judge lacks jurisdiction to expunge the criminal arrest record for a felony, because that case cannot proceed before a magistrate judge in the first place.

## III.   ANALYSIS

In *Wood*, like the situation here, the defendant was arrested, charged, and appeared before a magistrate judge. *Wood*, 1995 WL 113352, at *1. However, before the case could go any further, the Government dismissed the charges. *Id*. Like Llufrio, the defendant then filed a motion to expunge under the magistrate judge criminal case number. *Id*. Magistrate Judge Snow denied the defendant's motion because she determined she lacked jurisdiction to adjudicate the motion's merits. *Id*. The defendant appealed to the Eleventh Circuit Court of Appeals, but that appeal was dismissed for lack of subject matter jurisdiction because "the Magistrate Judge's order was not made final" by a district court. *Id*. The defendant then appealed to the district court. *Id*. Judge Hurley agreed with Magistrate Judge Snow's finding that she did not have jurisdiction to adjudicate the motion to expunge. *Id*. (citing *Lopez*, 704 F. Supp. at 1056). As such, Judge Hurley remanded the case back to the Magistrate Judge for a hearing and report and recommendations on the merits of the defendant's motion. *Id*.

Like *Wood*, the problem in the present case is that it was dismissed before the parties could consent. In fact, the parties here could not have consented for the Undersigned to preside over this case anyway, because Llufrio was charged with a felony. Because the Undersigned could not have presided over the case even if the Government had continued with the prosecution, the Undersigned does not have the necessary jurisdiction to adjudicate the merits of Llufrio's motion.

If Llufrio wishes to continue seeking expungement of his criminal arrest record, then he must appeal this Order to a United States District Court Judge or pursue other strategies.

## IV. CONCLUSION

I conclude that I do not have jurisdiction to adjudicate Llufrio's motion to expunge, and I must therefore **DENY** the motion. I do not opine or take any position on the merits of Llufrio's motion, which as noted, was not opposed by the Government. Thus, this Order is <u>not</u> a with-prejudice dismissal on the motion's merits.

**DONE AND ORDERED** in Chambers, Miami, Florida, August 12, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record